UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD F. WHITE, JR., | : |
|     Plaintiff, | :   C.A. NO: 1:05-cv-53 (GMS) |
| | : |
| v. | :   DEMAND FOR JURY TRIAL |
| | : |
| FEDERAL EXPRESS CORPORATION, | : |
| | : |
|     Defendant. | : |

## JOINT STATUS REPORT

In accordance with Rule 16, Federal Rules of Civil Procedure, and local rule 16.2 (b), a status conference and scheduling conference in the above referenced matter has been set for Wednesday, May 25, 2005, at 2:00 p.m., at the United States Courthouse, 844 King Street, Room 4325, Wilmington, Delaware.

In preparation for this conference, counsel has conferred with respect to all agenda items listed below.

1. **Jurisdiction and Service.** Does the Court have subject matter jurisdiction? Are all parties subject to the Court's jurisdiction? Do any remain to be served?

Parties agree that the Court has subject matter jurisdiction over the action and that all parties are subject to the Court's jurisdiction. All parties have been properly served.

2. **Substance of the Action.** What are the factual and legal bases for the Plaintiff's claims and defendant's defenses?

On August 27, 2003 Plaintiff was operating his motor vehicle and was struck by Thomas Salvo, an employee for the defendant, operating a Federal Express truck, that was backing out of a private driveway. As a result of this collision Plaintiff sustained serious injuries to his neck, left and right shoulder blades, and both upper extremities, along with pain, suffering, mental

anguish and loss of enjoyment of life. Plaintiff asserted that his injuries are a directed result of the negligence of Thomas Salvo, defendant's employee, and therefore defendant, Federal Express is liable under the doctrine of *Repondeat Superior*.

The defendant has asserted a venue defense on the basis that venue of this action which involves a motor vehicle accident in New Jersey between two New Jersey residents may be more appropriately based in New Jersey. Defendant also asserts the defense of comparative negligence on the part of the Plaintiff which is based primarily on the belief that the plaintiff, had he been traveling at an appropriate speed, should have seen the defendant's vehicle backing out of the private driveway and been able to take some form of evasive action to avoid the collision. Defendant needs to conduct further discovery in order to form a factual basis to support its comparative negligence defense.

3. **Identification of the Issues.** What factual and legal issues are genuinely in dispute?

The following factual and legal issues are in dispute:

a) Whether the Defendant is liable for the accident;

b) The amount of damages owed to Plaintiff for his alleged injuries and losses;

c) Whether the Plaintiff was comparatively negligent;

d) The exact nature of Plaintiff's injuries and losses?

4. **Narrowing of the Issues.** Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?

Parties do not anticipate any motions (dispositive or otherwise) that would narrow the issues, other than possibly a Motion to Change Venue that may be filed by the Defendant.

5. **Relief.** What specific relief does plaintiff seek? What is the amount of damages sought and generally how is it computed?

Plaintiff seeks judgment against Defendant for compensatory and special damages together with cost and interest of bringing this action. Plaintiff's damages are greater than seventy-five thousand. The underlying claim is a function of future medical expenses, permanency, pain and suffering.

6. **Amendment of Pleadings?**

Parties do not anticipate any amendments to the pleadings.

7. **Joinder of Parties?**

Parties do not anticipate joining any other parties.

8. **Discovery.** Discovery contemplated by each party and the amount of time it may take to complete discovery? Can discovery be limited? Are there less costly and time-consuming methods available to obtain necessary information?

Both parties have served Rule 26(a)(1) disclosures and paper discovery upon the other. Plaintiff anticipates deposing Thomas Salvo, the driver of the Federal Express vehicle that hit Plaintiff, a representative from Federal Express, and Plaintiff's treating physicians. The defense anticipates completing depositions of the Plaintiff, any eyewitnesses to the accident, and completing an IME and record review. The defense also intents to explore Plaintiff's pre-accident and post-accident medical history.

9. **Estimated Trial Length.** Is it feasible or desirable to bifurcate issues for trial? Is it possible to reduce the length of the trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence?

Parties anticipate a three day trial.

10. **Jury Trial?**

Both parties have requested a jury trial

11. **Settlement.** Have there been settlement discussions? What are the prospects for settlement? Is referral to a Magistrate for mediation or other ADR mechanism appropriate?

There have been no settlement discussions to date. The defense has little or no medical documentation concerning either the injuries allegedly sustained in the subject accident or the plaintiff's pre-accident medical history. The defense will need to complete depositions of the plaintiff and eyewitnesses and obtain an IME and record review before entering into any settlement negotiations. The parties are not opposed to a referral to the Magistrate for mediation at the appropriate time.

12. Such other matters as counsel considers conducive to the just, speedy and inexpensive determination of this action.

The parties have nothing to add to this section.

13. A statement that counsel for the parties have conferred about each of the above matters.

The parties have conferred with regard to each of the above matters in accordance with Rule 16, Federal Rules of Civil Procedure, and local rule 16.2 (b).

**SILVERMAN, MCDONALD & FRIEDMAN**

By: _____
Michael I. Silverman, Esquire (#3034)
Robert C. McDonald, Esquire (#2340)
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 888-2900
Attorney for Plaintiff

TYBOUT, REDFERN & PELL

By: _____
    David G. Culley, Esquire (# 2141)
    300 Delaware Avenue, Suite 1100
    P.O. Box 2092
    Wilmington, DE 19899
    (302) 658-6901
    Attorney for Defendant

\*\* Counsel has agreed to sign this document at the May 25, 2005 status conference