IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD F. WHITE, JR., : | |
| : | |
| Plaintiff, : | |
| V : | C.A. NO: 1:05-CV-53 (GMS) |
| : | |
| FEDERAL EXPRESS CORPORATION, : | DEMAND FOR JURY TRIAL |
| : | |
| Defendant. : | |

## SCHEDULING ORDER

This 1st day of June, 2005, the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Local Rule 16.2 (b) on May 25, 2005, the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration:

IT IS ORDERED that:

1. **Rule 26 (a) Initial Disclosures.** Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26 (a) on or before: Completed.

2. **Joinder of the Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before: Not Applicable.

3. **Discovery.** All discovery in this case shall be initiated so that it will be completed on or before November 30, 2005.

    a. Discovery Matters. Should counsel find they are unable to resolve a discovery matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight prior to the conference, by hand delivery or

facsimile at (302) 573-6472, the party seeking relief shall file with the court a letter agenda not to exceed two (2) pages outlining the issues in dispute. Should the court find further briefing necessary upon conclusion of the telephone conference, the court shall order the party seeking relief to file with the court a **TWO PAGE LETTER,** exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of nor more than **TWO PAGES**. The party seeking relief may then file a reply letter of nor more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

    4. **Confidential Information and papers under Seal.** Should counsel find it will be necessary to apply to the court a protective order specifying terms and conditions for the disclosure of confidential information, then they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within 10 days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 3 (a).**

    5. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to the United States Magistrate for the purpose of exploring the possibility of settlement. If the parties agree that the possibility of settlement may be enhanced by such referral, the parties shall contact Magistrate Judge Thynge or agreed upon mediator to schedule a settlement conference with counsel and clients.

6. **Status/Settlement Conference.** On a date to be determined, the court will hold a conference by telephone to discuss the progress of efforts to settle this dispute. Plaintiff's counsel shall initiate the telephone call. If no efforts have been made or those efforts have to date been unsuccessful, counsel shall be prepared to discuss the possibility of setting up a settlement conference with the Court with counsel and their clients.

7. **Case Dispositive Motions.** All case dispositive motions and an opening brief and affidavits, if any, in support of the motion shall be served and filed on or before May 15, 2006. Briefing will be presented pursuant to the Court's Local Rules, unless the parties agree to an alternative briefing schedule. Any such agreement shall be in writing and filed with the Court for the Court's approval.

8. **Applications by Motion.** Except as provided in this Order or for matters relating to scheduling, any application to the Court shall be by written motion filed with the Clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. Any non-dispositive motion should contain statements required by Local Rule 7.1.1.

9. **Oral Argument.** If the Court believes that oral argument is necessary, the Court will schedule a hearing, Pursuant to Local Rule 7.1.4.

10. **Pretrial Conference.** On June 6, 2006, the Court will hold a Pretrial Conference in Chambers with counsel beginning at 10 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26 (a) (3). Thirty (30) days before the joint draft of the pretrial order is

due, plaintiff's counsel shall forward defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft as well as the information defendant proposes to include in the proposed pretrial order. Motions *in limine*: No party shall file more than ten (10) motions in limine. Briefs (opening, answering, and reply) on all motions *in limine* shall be filed by _____. Opening and answering briefs shall not exceed five (5) pages and reply briefs shall not exceed three (3) pages. The parties shall file with the court the joint proposed final pretrial order with the information required by the form of Final Pretrial Order which accompanies this Scheduling Order on or before May 15, 2006.

11. **Trial**. This matter is scheduled for a two (2) day jury trial beginning at 9 a.m. on June 26, 2006.

12. **Scheduling.** The parties shall direct any requests or questions regarding the scheduling and management of this matter to Chambers at (302) 573-6470

_____

District Judge Sleet