**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | | |
|---|---|---|---|
| RICHARD F. WHITE, JR., | : | | |
| | : | C.A. NO.: | 05-53 GMS |
| Plaintiff, | : | | |
| | : | DEMAND FOR JURY TRIAL | |
| v. | : | | |
| | : | | |
| FEDERAL EXPRESS CORPORATION, | : | | |
| | : | | |
| Defendant. | : | | |

<u>**DEFENDANT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES**</u>

1.　　State:

(a)　　When this accident first came to the attention of the Defendant or any

representatives of the Defendant;

(b)　　by whom it was reported;

(c)　　to whom it was reported.

**ANSWER:**　**(a)**　**08/27/03; 1:30 p.m.**

**(b)**　**Tom Salvo**

**(c)**　**Pete Arata, Regional Manager.**

2.　　State the names and last known addresses of all persons who were present

at the scene of the accident when it occurred, specifically noting those who were eyewitnesses.

**ANSWER:**　**See the investigating police officer's report.**

3.    Other than the persons referred to in the immediately foregoing interrogatories, state the names and last known addresses of all persons who arrived at the scene of the accident within twenty minutes after it occurred.

**ANSWER:    None known by the Defendant.**

4.    Other than the persons who are referred to in the immediately foregoing interrogatories, state the names and last known addresses of all persons who have knowledge of the facts concerning how the accident occurred.

**ANSWER:    See the Defendant's Initial Disclosure No. 1 previously served on counsel for**

**Plaintiff.**

5.    Other than the persons referred to in the immediately foregoing interrogatories, state the name and last known addresses of all persons having knowledge of the facts alleged in the pleadings and, as to each person identify the numbers of the paragraphs of the Complaint, Answer, or other pleading of which such person has knowledge.

**ANSWER:    None known by the Defendant.**

6.    State whether Defendant, or agents of the Defendant, immediately before, at the time of, or after the accident, had any conversations with the Plaintiff or agents of the Plaintiff;  and if so, state:

(a)    where such conversation took place;

(b)    which persons were present;

(c)    in detail, what was said by each with reference to the accident.

**ANSWER:    Objection on the basis that this interrogatory calls for information prohibited from disclosure by the attorney work product privilege. Notwithstanding the objection, but subject to it, see the attached letter from Loftus Adjustment Services, Inc. which contains summaries of interviews of Plaintiff and Thomas Salvo.**

7.    Give the names and last known addresses of persons from whom statements have been procured in regard to the facts alleged in the pleadings. As to each person named, state:

(a)    the name and last known addresses of the person(s) who took the statement;

(b)    the date when the statement was taken;

(c)    the names and last known addresses of all persons presently having copies of the statements;

(d)    whether the statement was prepared in the general course of business or in anticipation of this litigation or preparation for trial;

(e)    whether the statement was prepared under the supervision of or pursuant to the instructions of Defendant's attorney, and if so, the name and address of that attorney.

**ANSWER:    Enclosed is a copy of the record statement resume for a statement given by Larry Benedict on September 23, 2003. In addition, the undersigned counsel**

**has interviewed Thomas Salvo following the initiation of the litigation. The substance of said interviews, including any hand-written notes or recordings thereof, are prohibited from disclosure by the attorney work product privilege.**

8.    With respect to persons who have been interviewed on Defendant's behalf in regard to the facts alleged in the pleadings, please state the names and last known addresses of the persons interviewed, the name and address of the person who conducted the interview, the date of each such interview and whether assigned or unsigned statement or recorded interview was obtained from each interviewee.

**ANSWER:    See the answer to Interrogatory Nos. 6 and 7 above.**

9.    With reference to any report, memorandum or resume prepared by Defendant or anyone acting on Defendant's behalf but not necessarily limited to any investigator, insurance adjuster or other person pertaining to any of the facts alleged or referred to in the pleadings, give the date of each such matter in writing and as to each date given state:

(a)    the name and address of the person or persons who prepared such writing, and the name, address and identify of the employer of such person or persons;

(b)    whether such writing was prepared by Defendant or on Defendant's behalf;

(c)    the number of pages of such writing;

(d)    a general description of such matter in writing (as for instance, two page

typed summary of an interview between investigator Jones and witness Smith, dated January 1, 1989, or five page report by investigator Smith consigning the results of his investigation of the facts of the accident, etc.);

       (e)    whether such writing was prepared under the supervision of or pursuant to the instructions of Defendant's attorney, and if so the name and address of that attorney;

       (f)    the names and addresses of persons who have copies of such matter in writing.

**ANSWER:**    **Objection as this interrogatory exceeds the scope of Federal Rule of Civil Procedure Rule 26(b). Notwithstanding the objection, but subject to it, see the answers to Interrogatory Nos. 6 and 7 above. By way of further answer, see the attached Adjuster's 48-Hour Fax Report.**

       10.    State whether, subsequent to the time of the accident, Defendant or any person acting on Defendant's behalf has taken any photographs, videotapes, or motion pictures or made any sketches, plots, diagrams, or other drawings of the facts or items referred to in the pleadings.

**ANSWER:**    **Attached are xerox copies of two photographs of the accident scene, four photographs of the plaintiff's vehicle and trailer, and three photographs of the vehicle operated by Tom Salvo. In addition, the investigating police officer's report contains a sketch or diagram of the accident scene, a copy of which is attached hereto.**

       11.    If so, as to each, state:

(a)     the nature of each;

(b)     by whom taken or made;

(c)     when taken or made;

(d)     the subject matter portrayed;

(e)     whether taken or made on Defendant's behalf;

(f)     whether taken or made by Defendant's attorney's request;

(g)     the name and last known addresses of the persons having custody of the

original and old copies of such reproduction.

**ANSWER:     See the answer to No. 10 above.**

12.     Has Defendant, Defendant's attorney, agent, insurance company, or other

representative had any surveillance done or made concerning plaintiff?

**ANSWER:     Objection as this interrogatory calls for information protected from**

**disclosure by the attorney work product privilege.  By way of further**

**answer, Defendant will respond  substantively to this interrogatory in the**

**event that a decision is made to use or admit any such information at the trial**

**of this action.**

13.     If so, with respect to each, state:

(a)     the date of such surveillance;

(b)    the name and address of the person(s) conducting the surveillances, as well as the name and address of their employer;

(c)    a detailed description of what was observed during the surveillance;

(d)    whether or not any records, photographic, written or otherwise, were made, compiled or kept during the surveillance;

(e)    the name and address of the person having custody of the original and all copies of said record of surveillance;

(f)    whether any written report, summary or resume was made subsequent to said surveillance concerning the same;

(g)    if such a written report, summary or resume was made, the name and address of the person(s) having possession of the original and copies of said report.

**ANSWER:    See the answer to Interrogatory No. 12 above.**

14.    Has the Plaintiff in this action ever made any oral or written statements of which Defendant is aware other than those that may have been described in the foregoing interrogatories.

**ANSWER:    See the answer to Interrogatory No. 6 above.**

15.    If so, as to each, state:

(a)    the date, time and location where such statements were made;

(b)    if recorded, the manner in which the statements were recorded;

(c)    if recorded, the names, addresses, and employer of the persons who recorded the statements;

(d)    the names and addresses of the persons who were present once their statements were made;

(e)    if recorded, the names and addresses of the persons who have possession of the original and all copies of such statements;

(f)    the subject matter thereof.

**ANSWER:    See the answer to Interrogatory No. 6 above.**

16.    Describe fully and completely how the occurrence alleged by the Plaintiff happened, stating all events relating thereto in their sequential order, as well as the location of the point of impact, with distances in feet, curb lines or other fixed objects.

**ANSWER:    Driver Tom Salvo was backing his Federal Express vehicle out of a private driveway on Prospect Avenue in Berlin Township, New Jersey.  His vehicle backed into the Plaintiff's vehicle as it traveled on the street by the driveway.  The right rear corner of the Federal Express vehicle struck the rear wheel well on the passenger's side of the Plaintiff's vehicle.**

17.    With reference to the time when Defendant first observed the motor vehicle owned, operated or occupied by the Plaintiff, state the approximate distances in feet:

(a)    between the motor vehicle operated by Defendant and the point of impact;

(b)    between the motor vehicle operated by Defendant and the motor vehicle owned, operated or occupied by the Plaintiff, and,

(c)    between the motor vehicle owned, operated or occupied by the Plaintiff and the point of impact.

**ANSWER:    See the answer to No. 16 above.**

18.    State in detail, everything Defendant did from the time the motor vehicle owned, operated or occupied by the Plaintiff was first seen up to the time of the alleged accident.

**ANSWER:    See the answer to No. 16 above.**

19.    Describe in as much detail as possible the weather condition at the time and place of the alleged occurrence, including details of light, temperature, humidity, cloud cover, wind velocity, wind direction and type of precipitation, if any.

**ANSWER:    See the investigating police officer's report, a copy of which is attached hereto.**

20.    State from any observations made by Defendant immediately after the occurrence, whether the Plaintiff appeared to have been physically injured or whether the Plaintiff appeared to have been emotionally or mentally disturbed as a result of the alleged occurrence.

**ANSWER:    No injuries were reported by any of the parties at the accident scene.**

21.    If the answer to the preceding interrogatory is in the affirmative, describe in complete detail the appearance of the Plaintiff immediately after the alleged occurrence, particularly with regard to the following:

(a)    the physical condition of Plaintiff, including answer any signs of bleeding, bruises, cuts or other physical injuries;

(b)    the emotional or mental condition of the Plaintiff, including whether or not the Plaintiff was crying, talking, complaining of pain or otherwise appeared mentally disturbed; and,

(c)    the appearance of the clothing of the Plaintiff, as to whether any part of it was disarranged, torn, dirty or otherwise, indicating which and to what extent.

**ANSWER:    Not applicable.**

22.    State in detail everything Defendant saw the Plaintiff do up to, including and after the alleged occurrence, until Plaintiff left the scene of the occurrence.

**ANSWER:    Not applicable to the Defendant.**

23.    Was the Plaintiff unconscious at any time after the time of the alleged occurrence.

**ANSWER:    The Defendant has no knowledge of the Plaintiff's state of consciousness at the accident scene other than the information contained within the investigating police officer's report and the statement of Larry Benedict.**

24.    State whether Defendant claims the accident was caused or contributed to by the conduct or actions of a person or entity other than Plaintiff or Defendant, and if so:

(a)  state the name and address of the person or entity;

(b)    give a description of such conduct or actions;

(c)    state in detail what facts are known to Defendant which form the basis of such contention;

(d)    state the names and last known addresses of all persons who have knowledge of such facts.

**ANSWER:    See the Defendant's Answer and Initial Disclosure No. 1.**

25.     State whether Defendant claims the injuries sustained by the Plaintiff were caused or contributed to by the conduct or actions by a person or entity other than Plaintiff or Defendant, and, if so:

(a)     state the name and address of the person or entity;

(b)     give a description of such conduct or actions;

(c)     state in detail what facts are known to Defendant which form the basis of such contention;

(d)     state the names and last known addresses of all persons who have knowledge of such facts.

**ANSWER:     Not applicable.**

26.     State all facts on which Defendant relies intending to show any negligence, if any, or lack of care of any kind, if any, on the part of the Plaintiff.

**ANSWER:     See the Defendant's Answer.  By way of further answer, the Defendant reserves the right to supplement this answer when discovery has been completed.**

27.     State the names and addresses of any persons who have relevant knowledge concerning the injuries sustained by the Plaintiff.

**ANSWER:     See the Plaintiff's medical records which have previously been produced. The Defendant will update this answer and produce all medical records as**

**they are procured.  See also Defendant's Initial Disclosures previously served on Plaintiff's counsel.**

28.    State the names and addresses of any persons who have relevant knowledge concerning the physical activities of the Plaintiff since the accident.

**ANSWER:    See the Plaintiff's medical records which have previously been produced.**

29.    Please list any and all drugs which the Defendant, received or had administered during the 48 hour period immediately preceding the alleged occurrence.

**ANSWER:    Not applicable to the Defendant.**

30.    If the Defendant consumed any alcoholic beverage during the 24 hour period immediately preceding the alleged occurrence, state when, where, what, and how much was consumed.

**ANSWER:    Not applicable to the Defendant.**

31.    Was the operator of Defendant's motor vehicle at the time of the occurrence, the agent, servant, or employee of the owner of the motor vehicle, and acting in the course and scope of the owner's business or employment.

**ANSWER:     The vehicle Thomas Salvo was operating is owned by Mr. Salvo and/or Mr.**

**Salvo's wife.     Mr. Salva was an independent contractor and not an**

**employee or servant of the Defendant.**

32.     Was the operator of Defendant's motor vehicle at the time of the occurrence operating the same with the express or implied consent or permission of the owner of the motor vehicle.

**ANSWER:     See the answer to Interrogatory No. 31 above.**

33.     If the answer to the preceding two (2) interrogatories is in the affirmative, state the name and address of the owner of the motor vehicle.

**ANSWER:     The vehicle was owned by Thomas Salvo and/or Mr. Salvo's wife.**

34.     If the operator of the motor vehicle was not the owner of the vehicle, and if the answer to interrogatory number 31 is in the negative, please state under what circumstances the vehicle was being operated by the operator at the time of the occurrence and please state whether or not the operator was operating the vehicle with the express or implied consent or permission of the owner.

**ANSWER:     the vehicle was being operated by Mr. Salvo in his capacity as an**

**independent contractor.**

35. State the make, model, year and license number of the vehicle which Defendant was operating at the time of the accident.

**ANSWER:    Objection as the Defendant was not operating any vehicle at the time of the accident.  By way of further answer, see the investigating police officer's report.**

36. State whether Defendant was covered by any policy of liability insurance applicable to any claims presented by the Plaintiff.

**ANSWER:    See the Defendant's Initial Disclosure No. 4.**

37. If the answer to the preceding interrogatory is in the affirmative state as to each such policy of insurance

(a)    the name of each insured under the policies;

(b)    the description of each property covered by the policy;

(c)    the period of the policy;

(d)    the amount of coverage provided by the policy for bodily injury liability for each person, for each occurrence and in the aggregate;

        (e)      the type of policy;

        (f)      the name of the carrier by which the policy was issued; and,

        (g)      whether any exclusion under the policy is applicable or may be applicable

to any claim presented by the Plaintiff.

**ANSWER:    Not applicable.**

38.    At the time of the accident referred to in the Complaint was Defendant

covered by any policy of reinsurance or excess liability insurance.

**ANSWER:    See the Defendant's Initial Disclosure No. 4.**

39.    If so, for each such policy state:

        (a)      the name, principle place of business, and telephone number of the

insurer(s);

        (b)      the name, address and telephone number of the named insured(s);

        (c)      the policy number;

        (d)      the effective dates of coverage;

        (e)      the types of coverage;

        (f)      the amounts of the various coverages;

        (g)      the applicable limits of liability.

**ANSWER:      See the Defendant's Initial Disclosure No. 4.**

40.     To Defendant's knowledge, state whether any first aid or medical attention was given to Plaintiff subsequent to the alleged occurrence.  If so, to the extent of Defendant's knowledge, state as to each:

(a)      name, address and job classification of all individuals, and the name and address of all physicians, medical facilities and/or hospitals involved;

(b)      the date or dates thereof;

(c)      whether any reports, records or memoranda were made thereof;

(d)      the dates of said reports, records or memoranda;

(e)      the names and addresses of the persons having custody of such reports, records or memoranda.

**ANSWER:      See the Plaintiff's medical records which have previously been produced. The Defendant will update this answer and produce all medical records as they are procured.**

41.     Has Defendant, or has anyone acting on Defendant's behalf at any time received any medical reports written or oral from any hospital or physician concerning the injuries to the Plaintiff caused by the accident.  If so, state:

(a)    the date of each report;

(b)    where and from whom such reports were received;

(c)    the name and address of the person in possession or custody of each such

report.

**ANSWER:    See the answer to No. 40 above.**

42.    Does Defendant have any information concerning x-rays taken of the

Plaintiff.  If so, state:

(a)    address of the place or places where such x-rays were taken;

(b)    name and address of the person who took them;

(c)    date each was taken;

(d)    what the x-rays disclosed.

**ANSWER:    The Defendant is not aware of any x-rays taken of the Plaintiff to date.  The**

**Defendant will update this answer and produce any x-ray reports if and**

**when they are procured.**

43.    Does Defendant have any information concerning any physical

examinations ever taken of Plaintiff at any time, such as employment examinations, insurance

examinations, physical check ups, and service examinations, hospital admittance and discharge.

If so, state to the extent of Defendant's knowledge:

      (a)    date of each such examination;

      (b)    place of each such examination;

      (c)    purpose of each such examination;

      (d)    who gave each such examination;

      (e)    results of each such examination;

      (f)    whether the examination disclosed any physical condition or infirmity

similar to those alleged by the Plaintiff in this action.

**ANSWER:**    **See the answer to No. 40 above.**

44.    Does the Defendant have knowledge with respect to previous accidents in which the Plaintiff was involved or the injuries sustained?  If so, give the following information:

      (a)    source of such knowledge;

      (b)    dates of such accident or injuries;

      (c)    injuries sustained by Plaintiff and such accident or accidents.

**ANSWER:**    **The Defendant has no direct knowledge of any accident in which the Plaintiff may have been involved prior to or subsequent to the subject accident.**

**Defendant's counsel has been informed by counsel for Plaintiff that Plaintiff had been involved in at least one prior work-related accident, but Defendant has not yet received any treatment records beyond those already produced by Plaintiff's counsel.**

45.     Does the Defendant have any knowledge that the Plaintiff ever suffered any injuries, sickness, disease or abnormality of any kind prior to the accident alleged in this action involving any part or function of the body claimed to have been injured or which would affect the mental or physical faculties or capacity of the Plaintiff?  If so, state:

(a)     dates of such injuries, sickness, disease or abnormality;

(b)     the nature of the said injury, sickness, disease or abnormality.

**ANSWER:     See the answer to No. 44 above.  See also the Plaintiff's medical records which have previously been produced.**

46.     Does the Defendant have any information or knowledge with respect to

Plaintiff's work record prior to the accident?  If so, state:

(a)    source of such information;

(b)    information received with respect to Plaintiff's work record for one year

prior to the accident, if known, giving dates and places of employment and rates of pay.

**ANSWER:    This information is not known to the Defendant at this time.**

47.    Does the Defendant have knowledge of Plaintiff's gross earning prior to

the accident?  If so, state:

(a)    source of such knowledge;

(b)    gross earnings of Plaintiff for the period for which Defendant has such

knowledge.

**ANSWER:    See the answer to No. 46 above.**

48.    Does the Defendant have any information or knowledge with respect to

Plaintiff's earnings since the accident?  If so, state:

(a)    source of such knowledge;

(b)    dates and places where Plaintiff has worked since the accident;

(c)    rate of pay received by Plaintiff since the date of the accident.

**ANSWER:    See the answer to No. 46 above.**

49.     State the name and address of every expert retained or employed in anticipation of this litigation or preparation for trial, whether or not Defendant expects to call him/her as a witness at trial, and as to each such person, state:

(a)     the dates of initial employment;

(b)     whether any reports, letters or other writings were prepared by such persons, and if so:

1.     a brief description thereof;

2.     the date or dates thereof;

3.     the names and addresses of all persons having possession of the original or copies thereof;

(c)     whether such expert also rendered any service in connection with any aspect of any subject matter involved in this litigation, other than in anticipation of this litigation or preparation for trial, e.g.:  giving medical care or treatment.

**ANSWER:     Objection as this interrogatory violates the attorney work product privilege and exceeds the scope of Federal Rule of Civil Procedure 26(b). Notwithstanding the objection, but subject to it, the Defendant has not retained an expert to testify on its behalf at the trial of this action, but reserves the right to retain an expert or experts in the future.**

50.     With reference to any expert Defendant expects to call to testify as a

witness at trial, state the name and address of such expert, and as to each, state:

> (a)     the subject matter on which the expert is expected to testify;

> (b)     the substance of the facts and opinions to which the expert is expected to

testify;

> (c)     a summary of the grounds for each such opinion;

> (d)     the nature and extent of the qualifications of such expert, giving

educational degrees conferred and the dates thereof, specifying schools or institutions which were

attended, giving dates thereof, employment experience, any authored articles published, where

published, dates thereof, membership in any professional societies or boards.

**ANSWER:     See the answer to No. 49 above.**

51.     Please state whether the defendant entered a guilty plea in any court to any

motor vehicle violation arising out of the accident which is the subject matter of this litigation.

**ANSWER:     This interrogatory is not applicable to the Defendant.  By way of further**

**answer, Mr. Salvo did not receive a traffic citation as a result of the accident.**

52.     If so, please state:

(a)     the specific statutory violation;

(b)     the specific name and address of the court in which such plea was entered.

**ANSWER:     Not applicable.**

53.    State whether the defendant has been convicted of any motor vehicle violation within the last five years preceding this accident.  If so, state for each:

(a)    the date;

(b)    the specific violation;

(c)    the state in which the violation occurred;

(d)    the court rendering the conviction.

**ANSWER:    Objection as this interrogatory is not applicable to the corporate Defendant.**

54.    State whether the defendant was involved in any motor vehicle accident in the last five years preceding this accident which is the subject matter of this litigation and, if so, please state:

(a)    the date;

(b)    the state in which it occurred;

(c)    a description of how the accident occurred.

**ANSWER:    Objection as this interrogatory is not applicable to the corporate Defendant.**

55.    Has Defendant ever been convicted of a felony or a misdemeanor involving moral turpitude or <u>crimen falsi</u>?

**ANSWER:**     **Objection as this interrogatory is not applicable to the corporate Defendant.**

56.     If so, as to each, please state:

(a)     a description of the nature of the offense, giving the statutory reference;

(b)     the date of sentencing;

(c)     the sentence imposed;

(d)     the plea entered;

(e)     the case number, docket number, or other court identification number of the proceedings;

(f)     the name of the court and jurisdiction.

**ANSWER:**     **Not applicable.**

57.     Please state Defendant's date of birth and social security number.

**ANSWER:**     **Objection as this interrogatory is not applicable to the corporate Defendant.**

58.     With respect to Defendant's privilege to operate a motor vehicle, state:

(a)     whether at the time of the accident Defendant had an operator's license and, if so, the state issuing the same;

(b)     the identifying number of such operator's license;

(c)    the type or classification of such operator's license;

(d)    the nature and description of any restrictions thereon at the time of the accident.

**ANSWER:    Objection as this interrogatory is not applicable to the corporate Defendant.**

59.    If Defendant has ever had a license to operate any vehicle suspended, canceled or revoked, state the name of the state suspending, cancelling, or revoking such license, the inclusive dates of such suspending, cancelling, or revoking of the license and the reasons for suspending, cancelling, or revoking of the same.

**ANSWER:    Objection as this interrogatory is not applicable to the corporate Defendant.**

60.    With reference to each affirmative defense raised in Answer to the Complaint, or that Defendant intends to raise, please state:

(a)    the detailed facts known to Defendant which form the basis of such allegations;

(b)    each allegation with particularity, providing any and all statutes, ordinances, regulations or the like that Defendant claims Plaintiff violated which are not mentioned in Defendant's Answer or any other responsive pleading;

(c)    the name and last known address of each person who has knowledge of the facts upon which is based each affirmative defense, specifying the affirmative defense of which the witness has knowledge.

**ANSWER:**    **As to the Defendant's Affirmative Defense No. 4, see the Plaintiff's medical records which have previously been produced.  All other of the Defendant's Affirmative Defenses are averred as matters of law or as matters of mixed law and fact.  By way of further answer, the Defendant reserves the right to supplement this answer once discovery has been completed.**

61.    State whether any person was charged with the violation of any law as a result of this accident, and if so, state:

(a)    the name and address of the person charged;

(b)    the nature of the charge, specifying the statutory reference;

(c)    the court and jurisdiction involved;

(d)    the final disposition of said charge, e.g., guilty plea, conviction after trial, dismissal, etc.

**ANSWER:**    **To the Defendant's knowledge, no citations were issued as a result of the subject accident.**

62.     If Defendant claims that the Plaintiff violated any state statute not previously listed in the Answer to the Complaint, designate the statute, and state in what manner it was violated.

**ANSWER:     Not applicable.**

63.     Do the answers to each and every one of the foregoing interrogatories, include not only the information known to Defendant or Defendant's attorney but also all the information within the possession or control of Defendant or Defendant's attorney?

**ANSWER:     Yes.**

**TYBOUT, REDFEARN & PELL**

**/s/ David G. Culley**
_____
**DAVID G. CULLEY, ESQUIRE**
Delaware Bar I.D. 2141
300 Delaware Avenue
P. O. Box 2092
Wilmington, DE  19899
(302) 658-6901
E-mail Address: dculley@trplaw.com
_Attorneys for Defendant_

DATED:     June 28, 2005