IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD F. WHITE JR., | : |
| Plaintiffs, | : |
| v. | : C. A. No. 05C-53 GMS |
| FED EX GROUND PACKAGING SYSTEMS, | : |
| Defendant. | : |

**FINAL PRETRIAL ORDER**

This matter having come before the Court at a pretrial conference held pursuant to Fed.R.Civ.P. ("Rule") 16, and Michael I. Silverman, Esquire, Silverman McDonald & Friedman, 1010 N. Bancroft Parkway, Suite 22, Wilmington, DE 19805, having appeared as counsel for plaintiff and David G. Culley, Esquire, Tybout Redfearn & Pell, 750 South Madison Street, Suite 400, Wilmington, DE 19801, having appeared as counsel for defendants, the following actions were taken:

(1) This is an action for personal injury. Jurisdiction is vested in this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. §1332. Plaintiff is a resident of the State of New Jersey. Defendant Fed Ex Ground Packaging Systems is incorporated in the State of Delaware. Venue is properly in Delaware. The jurisdictional amount has been met.

(2) The following stipulations and statements were submitted and are attached to and made a part of this Order:

(a) **Plaintiff:** This matter stems from injuries resulting from an automobile

accident. The accident occurred on August 27, 2003. Mr. White was proceeding in his work truck on Prospect Avenue in Berlin Township, New Jersey. Mr. White had the right of way in the roadway. A Federal Express truck operated by Thomas Salvo, as agent for the defendant, reversed out of a private driveway and struck Mr. White's vehicle. Liability is admitted.

As a result of this accident Mr. White had arthroscopic surgeries on both shoulders as a result of pain radiating into his arms and hands. Mr. White sustained permanent injuries to his shoulders. He also underwent injections including nerve blocks to his lower cervical and upper thoracic spine. Mr. White sustained permanent injuries to his cervical and thoracic spine. Mr. White also had pain in his left leg as a result of the accident. Mr. White continues to be symptomatic from injuries resulting from this accident. Mr. White has incurred medical bills in excess of $118,000.

**Defendant:** This action for personal injuries arises out of a motor vehicle accident that occurred on Prospect Avenue, Berlin Townsend, New Jersey on August 27, 2003. Plaintiff was operating a vehicle on Prospect Avenue when a Fed Ex delivery truck, operated by Thomas Salvo, backed out of a residential driveway onto Prospect Avenue. The two vehicles collided. Plaintiff claims that he sustain bodily injuries as a direct result of the accident. Agency and liability on the part of the defendant is not disputed, but there remains for determination by the jury issues of comparative negligence, the nature and extent of the plaintiff's alleged injuries and losses,

and the amount of money damages which would fairly and reasonably compensate him for those alleged injuries and losses. There are no third party claims, counterclaims, or crossclaims pending in the case.

(b) **Stipulated Facts:**

    (1)    Thomas Salvo was acting within the course and scope of an agency relationship with Fed Ex Ground Packaging Systems at the time of the subject accident.

    (2)    Authenticity of all medical records and medical bills.

    (3)    Negligence of the defendant

**Issues of Fact to be Litigated:**

**Plaintiff:**

    (1)    The extent to which the defendant's negligence caused injury?

    (2)    The amount of compensation to be awarded to the plaintiff?

**Defendant:**

    (1)    Whether plaintiff Richard White was contributorily negligent in failing to observe the Fed Ex truck backing toward him and taking evasive action to avoid the accident and/or to warn the driver of his presence behind the truck;

    (2)    The nature and extent of the Plaintiff's alleged injuries and losses;

    (3)    The amount of money damages that would fairly and reasonably compensate the plaintiff for his alleged injuries and losses.

**Issues of Law to be Litigated:**

None

(c) **Plaintiff's Exhibits:**

    A)     Records of Bruce Katz, M.D.;

    B)     Records of Randeep S. Kahlon, M.D.;

    C)     Records of Frank J. Falco, M.D.;

    D)     Records of Dr. Peter B. Bandera;

    E)     Records of Pro Physical Therapy;

    F)     Records of Brandywine Pain Management;

    G)     Records of James Berlin, D.O.;

    H)     Records of Delaware Open MRI;

    I)     Records of Outpatient Anethesia Specialists;

    J)     Records of South Jersey Radiology Assoc., P.A.;

    K)     Records of Virtua Health - West Jersey;

    L)     Records of Emergency Physicians Assoc. of S. Jersey;

    M)     Records of Berlin I.C. Ambulance Squad.

    N)     Records and reports of Diagnostic Studies;

    O)     Billing statements from providers previously listed;

    P)     AM Jur Desk Tables;

    Q)     Demonstrative aids as used by the experts to elicit testimony;

    R)     Discovery as allowed by the Court Rules;

    S)     All exhibits listed by the Defendants.

Defendant objects to the use, introduction or admission of any medical records which have not been produced in discovery and made available for inspection by counsel at least tem (10) days before the start of the trial.

Defendant further objects to the use, introduction or admission of any medical records or reports which are legal reports and which contain opinions regarding causation and permanency.

Defendant further objects to the use, introduction, or admission of any medical bills or billing statements which have not been produced in discovery and which have not been made available for inspection by counsel at least tem (10) days before the start of the trial.

Defendant further objects to the admission of the Am Jur. Desk Tables on the basis of relevance and prejudice.

Defendant further objects to the use, introduction or admission of any "demonstrative aids" which have not been made available for inspection by counsel at least tem (10) day prior to the start of the trial.

**Defendant's Exhibits:**

(A) Photographs of the accident scene (to be enlarged for demonstrative purposes);

(B) Police report;

(C) Relevant pre- and post-accident records of James Berlin, D.O.;

(D) Relevant pre-accident records of Concentra Medical Center;

(E) Reports/records of Charles A. Mauriello, D.O. dated January 28, 2002;

(F) Relevant pre-accident records of Limestone Physical Therapy and Rehabilitation Services, Inc.;

(G) Relevant pre-accident records of the Industrial Accident Board of the State of Delaware;

(H) Relevant pre-accident records of Omega Imaging Associates (including the films of diagnostic studies for demonstrative purposes);

(I) Relevant pre- and post-accident records of First State Orthopaedics;

(J) Relevant pre-accident records of Christiana Care Health Services;

(K) Report of Stephen Rodgers, M.D. dated August 27, 2001;

(L) Records of West Jersey Hospital -- Berlin Division for August 27, 2003 ER admission;

(M) Records of Delaware Open MRI (including films of the relevant diagnostic studies for demonstrative purposes);

(N) Any otherwise admissible exhibits identified or listed by the plaintiff.

In addition, defendant reserves the right to use any and all of the plaintiff's interrogatory answers, responses to discovery, and deposition testimony for impeachment purposes only.

Plaintiff objects to Defendant's Exhibit B, E, G, and K on the basis of hearsay.

(d) **WITNESSES:**

**Plaintiff:**

A) Richard F. White, Jr.

B) Dr. Frank J. Falco - Treating Physician/Medical Expert
Mid-Atlantic Spine
100 Becks Woods Drive
Bear, DE 19701
(By video trial deposition)

C) Dr. Peter B. Bandera - Medical Expert
11-B Trolley Square
Wilmington, Delaware, 19806
(By video trial deposition)

D) Dr. Randeep Kahlon - Medical Expert
4745 Ogletown-Stanton Road
MAP I, Suite 225
Newark, DE 19713
(By video trial deposition)

E) Geoff Langdon - Accounting Expert
62 Rockford Road
Wilmington, Delaware 19806

D) Thomas Salvo
57 Sofia Drive
Blackwood, NJ 08012

E) Lifestyle witnesses

F) Witnesses listed by the defense.

Defendant objects to any "lifestyle witnesses" who have not been previously identified in discovery.

Defendant objects to Geoff Langdon as a witness in that he was not identified and his expert report was not provided until many months after the discovery deadline.

There will be no need to call any custodian of records as Defendant will stipulate to the authenticity of all medical records and bills listed above.

**Defendant's witnesses:**

(A) Plaintiff Richard White

    (B)    Larry Benedict
              1805 Arrow Trail
              Medford, NJ 08094

    (C)    Thomas Salvo
              57 Sofia Drive
              Blackwood, NJ 08012

    (D)    Andrew Gelman, D.O.
              1096 Old Churchmans Road
              Newark, DE 19713
              (Orthopaedic surgeon)
              (By video trial deposition)

    (E)    Any witness identified or listed by the plaintiff.

(e)    Stipulations or Statements setting forth the qualifications of each expert witness:

**Plaintiff:**

Curriculum Vitae of Dr. Peter B. Bandera, Dr. Randeep Kahlon, and Dr. Frank Falco to be provided.

**Defendant:**

Curriculum Vitae of Dr. Andrew Gelman to be provided.

(f)    **List of depositions to be read into evidence and objections thereto:**

**Plaintiff:**

    A)    Dr. Frank J. Falco - Treating Physician
              Mid-Atlantic Spine
              100 Becks Woods Drive
              Bear, DE 19701
              (By video trial deposition)

    B)    Dr. Peter B. Bandera - Medical Expert
              11-B Trolley Square
              Wilmington, Delaware, 19806
              (By video trial deposition)

    C)    Dr. Randeep Kahlon - Medical Expert
4745 Ogletown-Stanton Road
MAP I, Suite 225
Newark, DE 19713
(By video trial deposition)

**Defendant:**

    (A)    Andrew Gelman, D.O.
1096 Old Churchmans Road
Newark, DE 19713
(Orthopaedic surgeon)
(By video trial deposition)

(g) **Special Damages:**

| | | |
|---|---|---|
| 1. | First State Orthopaedics | $ 18,784.80 |
| 2. | First State Surgery Center | $ 23,182.68 |
| 3. | Mid-Atlantic Spine | $ 59,852.00 |
| 4. | PRO Physical Therapy | $ 1,912.00 |
| 5. | Brandywine Pain Management | $ 5,125.00 |
| 6. | James Berlin, D.O. | $ 55.00 |
| 7. | Delaware Open M.R.I. | $ 2,400.00 |
| 8. | Outpatient Anesthesia Specialists | $ 3,254.00 |
| 9. | South Jersey Radiology Assoc., P.A. | $ 56.00 |
| 10. | Virtua Health - West Jersey | $ 1,389.00 |
| 11. | Emergency Physicians Assoc. Of S. Jersey, P.C. | $ 268.00 |
| 12. | Berlin I. C. Ambulance Squad | $ 475.50 |
| 13. | Out-of-Pocket Prescription Medication Expenses | $ 1,795.52 |

**Total Bills:**      **$ 118,549.50**

Geoff Langdon, CPA, will testify about the present value of the projected need for future medical care.

(i) **Jury Trial**

    (i)    **Plaintiff's trial brief is attached hereto.**
**Defendant's trial brief is attached hereto.**

9

      **(ii)**    **Joint Jury Instructions and Verdict Form are attached hereto.**

\* Plaintiff objects to the Comparative Negligence instruction on the basis that it is against the evidence and admissions contained in the pretrial.

\*Plaintiff objects to the Duty to Sound Warning instruction on the basis of relevance.

\*Plaintiff objects to the Verdict Form on the basis that it is against the evidence and the admissions contained in the pretrial.

      **(iii)**    **Special Voir Dire Questions are attached hereto.**

(j)    N/A

(k)    **Certification of good faith settlement negotiations:**

The parties have met with Magistrate Judge Mary Pat Thygne for a Mediation Conference which was unsuccessful. The parties are attempting to reschedule a Mediation Conference with a different Mediator and hope to do so before the trial date. The parties intend to continue to negotiate in good faith.

(l)    **Discovery Status:**

The parties have completed discovery. The remaining depositions scheduled prior to trial are the video trial depositions of the medical experts of both parties.

(m)    **Motions in Limine:**

**Plaintiff:** None

**Defendant:** None

(3)    Trial in this case is expected to take two (2) days.

(4)    Jury Trial.

(5)    Plaintiff recommends that twelve (12) jurors be selected at the commencement of trial.

>   Defendant recommends that twelve (12) jurors be selected at the commencement of trial.

(6) This Order will control the course of trial and may not be amended except by consent of the parties and the Court, or by Order of the Court to prevent manifest injustice.

(7) Possibility of settlement of this case was considered by the parties.

_____
United States District Judge

SILVERMAN McDONALD & FRIEDMAN

_____
MICHAEL I. SILVERMAN
DE BAR ID: 3034
1010 N. Bancroft Parkway
Suite #22
Wilmington, DE 19805
(302)888-2900
Attorney for Plaintiff

TYBOUT REDFEARN & PELL

_____
DAVID G. CULLEY
DE BAR ID: 2141
750 S. Madison Street
Suite 400
Wilmington, DE 19801
(302) 658-6901
Attorney for Defendants