## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

RICHARD F. WHITE JR.,                    :
                                         :
          Plaintiffs,                    :
                                         :
     v.                                  :      C. A. No. 05C-53 GMS
                                         :
FED EX GROUND PACKAGING                  :
SYSTEMS,                                 :
                                         :
          Defendant.                     :

---

## PROPOSED JURY INSTRUCTIONS

Date: May 15, 2006

Michael I. Silverman, Esquire, of Silverman, McDonald & Friedman, Wilmington, Delaware, for the Plaintiff;

David G. Culley, Esquire, of Tybout, Redfearn & Pell, Wilmington, Delaware, for Defendant.

Gregory M. Sleet, J.

## TABLE OF CONTENTS

Province of the Court and Jury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

Statements of Counsel  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

Nature of the Case  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

Burden of Proof by a Preponderance of the Evidence  . . . . . . . . . . . . . . . . . . . . . . . . . .  5

Evidence Equally Balanced . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

Negligence Defined  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

No Need to Prove All Charges of Negligence  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

No Duty to Anticipate Negligence  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

Negligence Is Never Presumed  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

Comparative Negligence - Special Verdict Form  . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11

Duty to Maintain Proper Lookout  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Control  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

Duty to Sound Warning  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

Agency Admitted  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

Proximate Cause . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  17

Damages - Personal Injury  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18

Preexisting or Independent Condition  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Aggravation of Preexisting Condition  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  22

Effect of Instructions as to Damages  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  23

Evidence:  Direct, Indirect or Circumstantial  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Prior Sworn Statements  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  25

Prior Inconsistent Statement by Witness  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  26

Objections - Rulings on Evidence ............................................. 27

Deposition - Use as Evidence .............................................. 28

Use of Interrogatories at Trial ............................................. 29

Credibility of Witnesses - Weighing Conflicting Testimony ...................... 30

Expert Medical Opinion must Be to a Reasonable Probability .................. 31

Statements by Patient to Doctor - Subjective and Objective Symptoms ........... 32

Verdict Form .......................................................... 33

## PROVINCE OF THE COURT AND JURY

Now that you have heard the evidence and [are about to hear] the arguments of counsel, it is my duty to instruct you about the law governing this case. Although you as jurors are the sole judges of the facts, you must follow the law stated in my instructions and apply the law to the facts as you find them from the evidence. You must not single out one instruction alone as stating the law, but must consider the instructions as a whole.

Nor are you to be concerned with the wisdom of any legal rule that I give you. Regardless of any opinion you may have about what the law ought to be, it would be a violation of your sworn duty to base a verdict on any view of the law other than what I give you in these instructions. It would also be a violation of your sworn duty, as judges of the facts, to base a verdict on anything but the evidence in the case.

Justice through trial by jury always depends on the willingness of each juror to do two things: first, to seek the truth about the facts from the same evidence presented to all the jurors; and, second, to arrive at a verdict by applying the same rules of law as explained by the judge.

You should consider only the evidence in the case. Evidence includes the witnesses' sworn testimony and the items admitted into evidence. You are allowed to draw reasonable conclusions from the testimony and exhibits, if you think those conclusions are justified. In other words, use your common sense to reach conclusions based on the evidence.

You have been chosen and sworn as jurors in this case to decide issues of fact. You must perform these duties without bias for or against any of the parties. The law does not allow you to be influenced by sympathy, prejudice, or public opinion. All the parties and

1

the public expect that you will carefully and impartially consider all the evidence in the case, follow the law, and reach a just verdict, regardless of the consequences.

Source:

DEL. CONST. art. IV, ' 19 (1897); *Porter v. State*, Del. Supr., 243 A.2d 699 (1968)(judge may not comment on the facts of the case); *Gutheridge v. Pen-Mod, Inc.*, Del. Super., 239 A.2d 709 (1967)(jury sole judges of the facts); *Girardo v. Wilmington & Philadelphia Traction Co.*, Del. Super., 90 A. 476 (1914)(same). *See also* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS " 70.03, 71.01 (4th ed. 1987); BLACK'S LAW DICTIONARY 555 (6th ed. 1990).

2

## STATEMENTS OF COUNSEL

What the attorneys say is not evidence. Instead, whatever they say is intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent within the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the truth or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief offered by an attorney concerning testimony or evidence.

Source:

See DeAngelis v. Harrison, Del. Supr., 628 A.2d 77, 88 (1993); McNally v. Eckman, Del. Supr., 466 A.2d 363, 371-75 (1983); Delaware Olds, Inc. v. Dixon, Del. Supr., 367 A.2d 178, 179 (1976). See also 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS ' 70.03 (4th ed. 1987); 75A AM. JUR. 2d '' 554, 566, 632.

3

## NATURE OF THE CASE

In this case, the plaintiff, Ricahard F. White, Jr., is suing for damages that resulted from an automobile accident on August 28, 2003. Mr. White alleges that the defendant was negligent in the manner in which its agent, Thomas Salvo, operated a delivery truck which collided with the vehicle Mr. White was operating.

Defendant Fed Ex Ground Packaging Systems has admitted that Mr. Salvo was negligent. However, a dispute remains as to whether Mr. White is was also negligent, as well as nature and extent of the injuries suffered by Mr. White and the amount of damages he is entitled to receive.

### Source:

*Chesapeake & Potomac Tel. Co. v. Chesapeake Utilities Corp.*, Del. Supr., 436 A.2d 314, 338 (1981); *Greenplate v. Lowth*, Del. Supr., 199 A. 659, 662-63 (1938). *See also* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS ' 70.01 (4th ed. 1987).

4

## BURDEN OF PROOF BY A PREPONDERANCE OF THE EVIDENCE

In a civil case such as this one, the burden of proof is by a preponderance of the evidence. Proof by a preponderance of the evidence means proof that something is more likely than not. It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not. Preponderance of the evidence does not depend on the number of witnesses. If the evidence on any particular point is evenly balanced, the party having the burden of proof has not proved that point by a preponderance of the evidence, and you must find against the party on that point.

In deciding whether any fact has been proved by a preponderance of the evidence, you may, unless I tell you otherwise, consider the testimony of all witnesses regardless of who called them, and all exhibits received into evidence regardless of who produced them.

Source:

*Reynolds v. Reynolds*, Del. Supr., 237 A.2d 708, 711 (1967)(defining preponderance of the evidence); *McCartney v. Peoples Ry. Co.*, Del. Super., 78 A. 771, 772 (1911)(same); *Oberly v. Howard Hughes Medical Inst.*, Del. Ch., 472 A.2d 366, 390 (1984)(same). *See also* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS ' 72.01 (4th ed. 1987).

DEL. CODE ANN. tit. 10, ' 8132 (1999) (elements of comparative negligence); *Duphily v. Delaware Elec. Coop., Inc.*, Del. Supr., 662 A.2d 821, 828 (1995)(basic elements of negligence claim); *Culver v. Bennett*, Del. Supr., 588 A.2d 1094, 1096-97 (1991)(same); *McGraw v. Corrin*, Del. Supr., 303 A.2d 641 (1973)(comparative negligence).

## EVIDENCE EQUALLY BALANCED

If the evidence tends equally to suggest two inconsistent views, neither has been established. That is, where the evidence shows that one or two things may have caused the accident: one for which Fed Ex was responsible and one for which it was not. You cannot find for Mr. White if it is just as likely that the accident was caused by one thing as by the other.

In other words, if you find that the evidence suggests, on the one hand, that Fed Ex is liable, but on the other hand, that it is not liable, then you must not speculate about the suggested causes of the accident; in that circumstance you must find for defendant Fed Ex.

Source:

*Eskridge v.* Voshell, Del. Supr., 1991 WL 78471, **3 (1991)(1991 Del. Lexis 155, *7 (1991)); Voshell *v. Attix*, Del. Supr., No. 435, 1989, slip op. at 5, Walsh, J. (Mar. 21, 1990); *Law v. Gallegher*, Del. Supr., 197 A. 479, 488 (1938); *Gutheridge v. Pen-Mod, Inc.*, Del. Super., 239 A.2d 709, 713 (1967). *See also Hopkins v. E.I. duPont de Nemours & Co.*, 3d Cir., 212 F.2d 623 (1954).

## NEGLIGENÇE DEFINED

This case involves claims of negligence.  Negligence is the lack of ordinary care; that is, the absence of the kind of care a reasonably prudent and careful person would exercise in similar circumstances.  That standard is your guide.  If a person's conduct in a given circumstance doesn't measure up to the conduct of an ordinarily prudent and careful person, then that person was negligent.  On the other hand, if the person's conduct does measure up to the conduct of a reasonably prudent and careful person, the person wasn't negligent.

Source:

*Russell v. K-Mart*, Del. Supr., 761 A.2d 1, 5 (2000); Duphily *v. Delaware Elec. Coop., Inc.*, Del. Supr., 662 A.2d 821, 828 (1995); *Culver v. Bennett*, Del. Supr., 588 A.2d 1094, 1096-97 (1991); *Robelen Piano Co. v. Di Fonzo*, Del. Supr., 169 A.2d 240 (1961); *Rabar v. E.I. duPont de Nemours & Co.*, Del. Super., 415 A.2d 499, 506 (1980); *DeAngelis v. U.S.A.C. Transport*, Del. Super., 105 A.2d 458 (1954); *Kane v. Reed*, Del. Super., 101 A.2d 800 (1954).

7

## NO NEED TO PROVE ALL CHARGES OF NEGLIGENCE

Each party has alleged that the other was negligent in various ways, but a party does not have to be negligent in all these ways to be liable. You may find a party liable if that party was negligent in any one of the ways charged and if that negligence was a proximate cause of the accident.

8

## NO DUTY TO ANTICIPATE NEGLIGENCE

Nobody is required to anticipate someone else's negligence. A driver is allowed to assume that another driver will not act negligently until he knows or should know that the other person is acting or is about to act negligently. Therefore, a driver is required to act reasonably and prudently under the circumstances of the particular situation.

Source:

*Bullock v. State*, Del. Supr., 775 A.2d 1043, 1052 (2001); *Furek v. University of Delaware*, Del. Supr., 594 A.2d 506, 523 (1991); *Levine v. Lam*, Del. Supr., 226 A.2d 925, 926-27 (1967); *Biddle v. Haldas Bros.*, Del. Super., 190 A. 588, 595 (1937).

## NEGLIGENCE IS NEVER PRESUMED

Negligence is never presumed.  It must be proved by a preponderance of the evidence before Mr. White is entitled to recover.  No presumption that Fed Ex was negligent arises from the mere fact that an accident occurred.

Source:

*Levine v. Lam*, Del. Supr., 226 A.2d 925, 926-27 (1967); *Wilson v. Derrickson*, Del. Supr., 175 A.2d 400 (1961); *Biddle v. Haldas Bros.*, Del. Super., 190 A. 588, 595 (1937).

## COMPARATIVE NEGLIGENCE - SPECIAL VERDICT FORM

Defendant Fed Ex Ground Packaging Systems alleges that Mr. White's negligence proximately caused the accident. Negligence is negligence no matter who commits it. When the plaintiff is negligent, we call it contributory negligence. Under Delaware law, a plaintiff's contributory negligence doesn't mean that the plaintiff can't recover damages from the defendant as long as the plaintiff's negligence was no greater than the defendant's negligence. Instead of preventing a recovery, Delaware law reduces the plaintiff's recovery in proportion to the plaintiff's negligence.

If you find contributory negligence was a proximate cause of the accident, you must determine the degree of that negligence, expressed as a percentage, attributable to Mr. White. Using 100% as the total combined negligence of the parties, you must determine what percentage of negligence is attributable to Mr. White. I will furnish you with a special-verdict form for this purpose. If you find that Mr. White's negligence is no more than half the total negligence, I will reduce the total amount of Mr. White's damages by the percentage of his contributory negligence. If you find that Mr. White's negligence is more than half the total negligence, Mr. White may not recover any damages.

Source:

DEL. CODE ANN. tit. 10, ' 8132 (1999); *Del. C.* Super. Ct. Civ. R. 49; *Trievel v. Sabo*, Del. Supr., 714 A.2d 742, 745 (1998)(in rare cases where the evidence requires a finding that the plaintiff=s negligence exceeded the defendant=s negligence, it is the duty of the judge to grant a motion for judgment as a matter of law); *Moffitt v. Carroll*, Del. Supr., 640 A.2d 169, 173 (1994); *Grand Ventures, Inc. v. Whaley*, Del. Super., 622 A.2d 655, 664 (1992),

11

*aff'd*, Del. Supr., 632 A.2d 63 (1993)(holding court must try to reconcile any apparent inconsistencies in jury's verdict); *Greenplate v. Lowth*, Del. Super., 199 A. 659, 662-63 (1938)(each party entitled to general and specific instructions on applicable law and rights as the pleadings and evidence fairly justify).

\* Plaintiff objects to the Comparative Negligence instruction on the basis that it is against the evidence and admissions contained in the pretrial.

## DUTY TO MAINTAIN PROPER LOOKOUT

Drivers have a duty to keep a proper lookout for their own safety. The duty to look implies the duty to see what is in plain view unless some reasonable explanation is offered. A person is negligent not to see what is plainly visible where there is nothing to obscure one's vision, because a person is not only required to look, but also to use the sense of sight in a careful and intelligent manner to see things that a person in the ordinary exercise of care and caution would see under the circumstances.

If you find that any party failed to maintain a proper lookout, you must find that party negligent.

Source:

DEL. CODE ANN. tit. 21, ' 4176(b) (1995); *Trievel v. Sabo*, Del. Supr., 714 A.2d 742, 745 (1998); *Stenta v. Leblang*, Del. Supr., 185 A.2d 759 (1962)(pedestrians); *Floyd v. Lipka*, Del. Supr., 148 A.2d 541, 543-44 (1959)(drivers and pedestrians); *Odgers v. Clark*, Del. Super., 19 A.2d 724, 726 (1941)(drivers); *James v. Krause*, Del. Super., 75 A.2d 237 (1950); *Willis v. Schlagenhauf*, Del. Super., 188 A. 700, 703 (1936)(drivers).

13

## CONTROL

A driver must keep a vehicle under proper control. This means that the vehicle must be operated at such a speed and with such attention that the driver can stop with a reasonable degree of quickness or steer safely by objects or other vehicles on the highway, depending upon existing circumstances and the likelihood of danger to others.

Therefore, if you find that any party failed to exercise a proper degree of control over a motor vehicle, you must find that party negligent.

Source:

DEL. CODE ANN. tit. 21, ' 4176 (1995); *State v. Elliott*, Del. O. & T., 8 A.2d 873, 875-76 (1939).

14

## DUTY TO SOUND WARNING

The driver of a motor vehicle on a roadway has a duty to sound the horn or give some other warning signal under circumstances where such a warning or signal may be necessary.  Whether the duty to sound a warning exists must be determined from the circumstances of each case.

Source:

*Dietz v. Mead*, 160 A.2d 372, 376 (Del. 1960); *Hommel v. Southwestern Greyhound Lines*, 195 SW2d. 803 (Tex App. 1976); *Bryant v. Newman*, 900 So 2d. 343 (La. App. 2005); *Blashfield Automobile Law and Practice*, Volume 2, § 106.1 (revised 3rd Edition 1979).

*Plaintiff objects to the Duty to Sound Warning instruction on the basis of relevance.

## AGENCY ADMITTED

It has been admitted in legal documents filed in this case that, at all times relevant to this litigation, Thomas Salvo was an agent acting within the scope of his agency and was the agent of Fed Ex Ground Packaging Systems.

As a matter of law, therefore, Fed Ex Ground Packaging Systems is equally responsible with Mr. Salvo for any acts or omissions Mr. Salvo may have committed at the time of the incident.

Source:

*Fields v. Synthetic Ropes, Inc.*, Del. Supr., 215 A.2d 427, 432-33 (1965).

16

## PROXIMATE CAUSE

A party's negligence, by itself, is not enough to impose legal responsibility on that party. Something more is needed: the party's negligence must be shown by a preponderance of the evidence to be a proximate cause of the accident.

Proximate cause is a cause that directly produces the harm, and but for which the harm would not have occurred. A proximate cause brings about, or helps to bring about, the accident or injury and it must have been necessary to the result.

There may be more than one proximate cause of an accident or injury.

·Source:

*Wilmington Country Club v. Cowee*, Del. Supr.,747 A.2d 1087, 1097 (2000); *Duphily v. Delaware Elec. Coop., Inc.*, Del. Supr., 662 A.2d 821, 828 (1995); *Money v. Manville Corp. Asbestos Disease Comp. Trust Fund*, Del. Supr., 596 A.2d 1372, 1375-76 (1991); *Culver v. Bennett*, Del. Supr., 588 A.2d 1094, 1099 (1991).

17

## DAMAGES - PERSONAL INJURY

If you do not find that Mr. White has sustained his burden of proof, the verdict must be for Fed Ex Ground Packaging Systems.  If you do find that Mr. White is entitled to recover for damages proximately caused by the accident, you should consider the compensation to which he is entitled.

The purpose of a damages award in a civil lawsuit is just and reasonable compensation for the harm or injury done.  Certain guiding principles must be employed to reach a proper damages award.  First, damages must be proved with reasonable probability and not left to speculation.  Damages are speculative when there is merely a possibility rather than a reasonable probability that an injury exists.  While pain and suffering are proper elements on which to determine monetary damages, the damages for pain and suffering must be fair and reasonably determined and may not be determined by a fanciful or sentimental standard.  They must be determined from a conclusion about how long the suffering lasted, the degree of suffering, and the nature of the injury causing the suffering.

If you find for Mr. White, you should award to him the sum of money that in your judgment will fairly and reasonably compensate him for the following elements of damages that you find to exist by a preponderance of the evidence:

(1)     compensation for pain and suffering that he has suffered to date;

(2)     compensation for pain and suffering that it is reasonably probable that he will suffer in the future;

(3)     compensation for permanent impairment;

18

(4)    compensation for reasonable and necessary medical expenses incurred to date;

(5)    compensation for reasonable and necessary medical expenses that it is reasonably probable that Mr. White will incur in the future;

In evaluating pain and suffering, you may consider its mental as well as its physical consequences. You may also consider such things as discomfort, anxiety, grief, or other mental or emotional distress that may accompany any deprivation of usual pleasurable activities and enjoyments.

In evaluating impairment or disability, you may consider all the activities that Mr. White used to engage in, including those activities for work and pleasure, and you may consider to what extent these activities have been impaired because of the injury and to what extent they will continue to be impaired for the rest of his life expectancy. It has been agreed that a person of Mr. White's age and sex would have a life expectancy of ___ years.

The law does not prescribe any definite standard by which to compensate an injured person for pain and suffering or impairment, nor does it require that any witness should have expressed an opinion about the amount of damages that would compensate for such injury. Your award should be just and reasonable in light of the evidence and reasonably sufficient to compensate Mr. White fully and adequately.

Source:

*Medical Ctr. of Delaware, Inc. v. Lougheed*, Del. Supr., 661 A.2d 1055, 1060-61 (1995)(discussing issue of excessive awards for damages); *Jardel Co. v. Hughes*, Del. Supr., 523 A.2d 518, 527-32 (1987)(discussing compensatory and punitive damages);

19

*McNally v. Eckman*, Del. Supr., 466 A.2d 363, 371 (1983)(allowances for likely promotions and pay increases proper in award of damages); *Thorpe v. Bailey*, Del. Supr., 386 A.2d 668, 668-70 (1978)(reduction of award to present value); *Steppi v. Stromwasser*, Del. Supr., 297 A.2d 26, 27-28 (1972)(future earnings must be reduced to present value); *Henne v. Balick*, Del. Supr., 146 A.2d 394 (1958)(requiring evidence of reasonable probability for loss of future earnings); *Biggs v. Strauss,* Del. Super., C.A. No. 81C-OC-46, Poppiti, J. (October 22, 1984), *aff'd*, Del. Supr., 525 A.2d 992 (1987); *Baker v. Streets*, Del. Super., C.A. No. 84C-MR-18, Taylor, J. (July 25, 1985); *Coleman v. Garrison*, Del. Super., 281 A.2d 616, 619 (1971); *Biddle v. Griffin*, Del. Super., 277 A.2d 691, 692 (1970); *J.J. White, Inc. v. Metropolitan Merchandise Mart*, Del. Super., 107 A.2d 892, 894 (1954)(measure of damages in the absence of any willful, wanton, or intentional wrongdoing is the loss or injury resulting from the wrongful act of the defendant); *Kane v. Reed*, Del. Super., 101 A.2d 800, 802-04 (1954); *Prettyman v. Topkis*, Del. Super., 3 A.2d 708, 710-12 (1939); *Balick v. Philadelphia Dairy Products Co.*, Del. Super., 162 A. 776, 779 (1932).

## PREEXISTING OR INDEPENDENT CONDITION

A party is not entitled to recover any damages for pain and suffering or other alleged injuries, not caused by Fed Ex Ground Packaging Systems. Therefore, if you find that Mr. White had the injuries for which he claims here before the accident or apart from the accident, then I instruct you that for the portion of the injuries that you find were not caused by the accident, there can be no recovery by Mr. White.

Source:

*Braunstein v. Peoples Ry. Co.*, Del. Super., 78 A. 609, 611 (1910). *See also, supra,* Jury Instr. No. 10.1 (Proximate Cause).

21

## AGGRAVATION OF PREEXISTING CONDITION

An issue in this case is whether Mr. White had a preexisting condition that caused pain and suffering before the accident and that would have continued to exist after the accident, even if the accident had not occurred. If you find that Mr. White had a preexisting condition, then Mr. White is entitled to recover only for the aggravation or worsening of his preexisting condition.

Source:

*Maier v. Santucci*, Del. Supr., 697 A.2d 747, 749 (1997); *Coleman v. Garrison*, Del. Super., 281 A.2d 616, 619 (1971), *conformed to*, Del. Super., 327 A.2d 757, 761 (1974), *aff'd*, Del. Supr., 349 A.2d 8 (1975)(generally tortfeasor must place injured party in same financial position had there been no tort); *J.J. White, Inc. v. Metropolitan Merchandise Mart*, Del. Super., 107 A.2d 892 (1954)(measure of damages in the absence of any willful, wanton, or intentional wrong doing is the loss or injury resulting from the wrongful act of the defendant).

## EFFECT OF INSTRUCTIONS AS TO DAMAGES

The fact that I have instructed you about the proper measure of damages should not be considered as my suggesting which party is entitled to your verdict in this case. Instructions about the measure of damages are given for your guidance only if you find that a damages award is in order.

Source:

*Philadelphia, B. & W. R.R. Co. v. Gatta*, Del. Supr., 85 A. 721, 729 (1913)(jury is sole judge of facts).

23

## EVIDENCE:  DIRECT, INDIRECT OR CIRCUMSTANTIAL

Generally speaking, there are two types of evidence from which a jury may properly find the facts.  One is direct evidence -- such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence -- circumstances pointing to certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts from all the evidence in the case: both direct and circumstantial.

### Source:

*See* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS ' 72.03 (4th ed. 1987); BLACK'S LAW DICTIONARY 555-56 (6th ed. 1990); 75A AM. JUR. 2d " 719-720.

24

## PRIOR SWORN STATEMENTS

If you find that a witness made an earlier sworn statement that conflicts with witness's trial testimony, you may consider that contradiction in deciding how much of the trial testimony, if any, to believe. You may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact or a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation made sense to you.

Your duty is to decide, based on all the evidence and your own good judgment, whether the earlier statement was inconsistent; and if so, how much weight to give to the inconsistent statement in deciding whether to believe the earlier statement or the witness's trial testimony.

Source:

See generally D.R.E. 801(d)(1), 803(8); *Lampkins v. State*, Del. Supr., 465 A.2d 785, 790 (1983)(prior statements generally); *Bruce E.M. v. Dorothy A.M.*, Del. Supr., 455 A.2d 866, 869 (1983)(prior sworn statements); 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS ' 73.09 (4th ed. 1987).

25

## PRIOR INCONSISTENT STATEMENT BY WITNESS

A witness may be discredited by evidence contradicting what that witness said, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

It's up to you to determine whether a witness has been discredited, and if so, to give the testimony of that witness whatever weight that you think it deserves.

Source:

D.R.E. 613.   *See also* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS ' 73.04 (4th ed. 1987).

26

## OBJECTIONS - RULINGS ON EVIDENCE

Lawyers have a duty to object to evidence that they believe has not been properly offered. You should not be prejudiced in any way against lawyers who make these objections or against the parties they represent. If I have sustained an objection, you must not consider that evidence and you must not speculate about whether other evidence might exist or what it might be. If I have overruled an objection, you are free to consider the evidence that has been offered.

### Source:

D.R.E. 103(c), 104(c)&(e), 105; *City of Wilmington v. Parcel of Land*, Del. Supr., 607 A.2d 1163, 1170 (1992); *Concord Towers, Inc. v. Long*, Del. Supr., 348 A.2d 325, 327 (1975)(court must avoid giving the impression of favoring one side or other in ruling on counsel's objections). *See also* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS ' 70.01 (4th ed. 1987).

27

## DEPOSITION - USE AS EVIDENCE

Some testimony is in the form of sworn recorded answers to questions asked of a witness before the trial. This is known as deposition testimony. This kind of testimony is used when a witness, for some reason, cannot be present to testify in person. You should consider and weigh deposition testimony in the same way as you would the testimony of a witness who has testified in court.

Source:

*Del. C.* Super. Ct. Civ. R. 32(a); D.R.E. 804(a)(5); *Firestone Tire & Rubber Co. v. Adams*, Del. Supr., 541 A.2d 567, 572 (1988). *See also* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS ' 73.02 (4th ed. 1987).

28

## USE OF INTERROGATORIES AT TRIAL

Some of the evidence has been in the form of interrogatory answers. An interrogatory is a written question asked by one party of the other, who must answer the question in writing and under oath, all before trial. You must consider interrogatories and the answers given to them just as if the questions had been asked and answered here in court.

Source:

*Del. C.* Super. Ct. Civ. R. 33(c). *See also* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS ' 72.19 (4th ed. 1987).

## CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY

You are the sole judges of each witness's credibility. That includes the parties. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witnesses' biases, prejudices, or interests; the witnesses' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

Source:

*See* 3 DEVITT & BLACKMAR, FEDERAL JURY PRACTICE AND INSTRUCTIONS ' 73.01 (4th ed. 1987); 75A AM. JUR. 2d " 747, 749, 750.

## EXPERT MEDICAL OPINION MUST BE TO A REASONABLE PROBABILITY

You have heard medical experts being asked to give opinions based on a reasonable medical probability. In Delaware, a medical expert may not speculate about mere possibilities. Instead, the expert may offer an opinion only if it is based on a reasonable medical probability. Therefore, in order for you to find a fact based on an expert's testimony, that testimony must be based on reasonable medical probabilities, not just possibilities.

Source:

D.R.E. 703, 705 (expert testimony); *Van Arsdale v. State*, Del. Supr., 486 A.2d 1, 9 (1984)(medical expert testimony); *General Motors Corp. v. Freeman*, Del. Supr., 164 A.2d 686, 688-89 (1960)(medical expert testimony).

31

## STATEMENTS BY PATIENT TO DOCTOR

### - SUBJECTIVE AND OBJECTIVE SYMPTOMS -

A doctor's opinion about a patient's condition may be based entirely on objective symptoms such as those revealed through observation, examination, tests or treatment. Or the opinion may be based entirely on subjective symptoms, revealed only through statements made by the patient.  Or the opinion may be based on a combination of objective symptoms and subjective symptoms.

If a doctor has given any opinion based on subjective symptoms described by a patient, you may of course consider the accuracy of the patient's statements in weighing the doctor's opinion.

Source:

D.R.E. 703; *Storey v. Castner*, Del. Supr., 314 A.2d 187 (1973); *Loftus v. Hayden*, Del. Super., 379 A.2d 1136 (1977), *aff'd*, Del. Supr., 391 A.2d 749 (1978).

## VERDICT FORM

(1)     Do you find that Defendant Fed Ex Ground Packaging Systems was negligent?

\_\_\_\_ YES                \_\_\_\_ NO

(2)     Do you find that Defendant Fed Ex Ground Packaging Systems' negligence was a proximate cause of some or all of the injuries claimed by Richard F. White, Jr.?

\_\_\_\_ YES                \_\_\_\_ NO

(3)     Do you find that Plaintiff Richard F. White, Jr. was contributorily negligent?

\_\_\_\_ YES                \_\_\_\_ NO

(4)     Do you find that Mr. White's negligence was a proximate cause of his own injuries? If your answer to Question 3 was "NO," then the answer to this Question (4) must also be "NO."

\_\_\_\_ YES                \_\_\_\_ NO

(5)     Apportion the amount of negligence between the parties that you have found to have been negligent. If you find that a party was not negligent or did not proximately cause the injury, that party must be assigned 0%. The assigned percentages must total 100%.

Plaintiff Richard F. White, Jr.                    _____ %

Defendant Fed Ex Ground Packaging Systems          _____ %

                                                    100  %

If Mr. White's portion of negligence is greater than 50%, call the Bailiff. If you find that Mr. White's negligence is 50% or less, please go on to question 6.

33

(6)     State the full amount of your award of damages to Richard F. White, Jr.  Do
        not reduce your award by the amount of his negligence, if you have found
        him to be negligent.  The Court will calculate the reduction if it applies.

        Richard F. White, Jr.                    $ _____

Dated:  June ___, 2006.

_____ (Foreperson)

        *Plaintiff objects to the Verdict Form on the basis that it is against the evidence and
the admissions contained in the pretrial.

34

## Plaintiff's Proposed Verdict Form

(1)    How much compensation do you award Plaintiff Richard F. White, Jr.?


$_____


Dated:   _____


Signed:  _____
   Foreperson


35